UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLIFF TYMONY,                      )
                                   )
                    Plaintiff,     )   NO. C13-1085 BJR
                                   )
        v.                         )
                                   )
                                   )   ORDER GRANTING DEFENDANTS'
                                   )   MOTION FOR SUMMARY JUDGMENT
TROY HARPER, DICK SPADY,            )
and DICK'S DRIVE-INS, L.P.          )
                                   )
                    Defendants.    )
                                   )

## I. Introduction

This matter comes before the Court on Defendants' unopposed Motion for Summary Judgment. *Pro se* plaintiff Cliff Tymony ("Plaintiff") brings this racial and age discrimination action against his former employer, Dick's Drive-Ins L.P. ("Dick's"); Dick's owner, Dick Spady; and Dick's manager, Troy Harper (collectively, "Defendants") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Washington Law Against Discrimination ("WLAD"), WASH. REV. CODE § 49.60.180.[1]  For the following reasons, the Court grants Defendants' Motion for Summary Judgment.

## II. Background

### A. Factual Background

Plaintiff, an African-American male, was sixty-five years old when he was hired as a part-time night maintenance employee at Dick's, a fast food restaurant. (Dkt. No. 22 at 2.)

---

[1] To the extent that Plaintiff raises claims regarding Defendants' alleged failure to provide him rest and meal periods, the Court notes that these are state law claims, *see* WASH. REV. CODE § 49.52.070, and declines to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction).  Plaintiff remains free to assert these claims in state court.

Plaintiff claims that during his employment orientation, Dick's manager told him that he "would never be promoted" and equates this statement with a denial of promotion because of his race. (Dkt. No. 4 at 3.) According to Defendants, Dick's manager explained to Plaintiff that Plaintiff would not receive a promotion because the position of part-time night maintenance employee did not have the potential for promotion. (Dkt. No. 22 at 2.) Plaintiff, however, maintains that Defendants denied him a promotion without any explanation. (Dkt. No. 21, Ex. 2 at 5.)

The next month, Plaintiff called in sick after he sustained a non-work-related injury, and he stated that he would not be able to return to work for two weeks. (Dkt. No. 22 at 3.) Dick's manager responded that Plaintiff's absence would "create a hardship on the location and that under the circumstances [Plaintiff] should quit his job and reapply when he was feeling better." (*Id.*) Plaintiff quit his position and returned his keys to Dick's. (*Id.*) Plaintiff never returned to his job at Dick's. (*Id.*) This suit followed.

### B. Procedural Background

Plaintiff previously moved for appointment of counsel, but the Court denied his request as well as Plaintiff's Motion to Reconsider that decision.[2] (Dkt. No. 12 at 2.) Discovery proceeded and was due to close on April 25, 2014. (Dkt. No. 18 at 2.) Approximately a month before the discovery deadline, Defendants moved for summary judgment. (Dkt. No. 20.)

Plaintiff sought an extension of time to oppose Defendants' motion, explaining that he lacked legal expertise and a sufficient discovery period. (Dkt. No. 24 at 1). The Court granted Plaintiff an extension until July 7, 2014, but denied any further discovery, noting that Plaintiff already had a sufficient discovery period and provided no compelling reason to warrant an extension. (Dkt. No. 30.) Finally, the Court warned Plaintiff that if he failed to file an

---

[2] This case was reassigned to the undersigned judge on April 16, 2014, after the decisions to deny counsel had been rendered.

opposition to Defendants' Motion for Summary Judgment, the Court would treat Defendants' motion as conceded and dismiss this case.[3] (*Id.*)

To date, Plaintiff has not filed an opposition. However, because the Court has an affirmative duty to determine whether Defendants met their initial burden of demonstrating a lack of genuine dispute of material fact for trial, the Court will now assess the substance of the parties' claims. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (imposing a duty to address a moving party's claim to judgment as a matter of law instead of granting summary judgment based on the non-moving party's failure to oppose).

## III. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Genuine issues of material fact that preclude summary judgment are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A dispute surrounding a material fact is genuine when enough evidence exists for a reasonable jury to rule in favor of the nonmoving party. *Id.* at 248. When deciding a motion for summary judgment, a court must assume all issues of fact in the non-moving party's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011). Moreover, the Court remains mindful of its duty to construe *pro se* pleadings liberally. *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995).

---

[3] The court provided this warning even though non-prisoner pro-se litigants are not entitled to any special notice from the Court regarding Rule 56's requirements. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364 n. 4 (9th Cir. 1986)).

### B. Racial Discrimination

"To establish a prima facie case of disparate treatment under Title VII, a plaintiff must provide evidence that 'give[s] rise to an inference of unlawful discrimination.'"[4] *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).  When no direct evidence of discrimination exists, a Title VII plaintiff may prove his case through circumstantial evidence, following the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  A plaintiff may establish a prima facie case of discrimination for a failure-to-promote claim by showing that "(1) he belongs to a statutorily protected class, (2) he applied for and was qualified for an available position, (3) he was rejected despite his qualifications, and (4) after the rejection, the position remained available and the employer continued to review applicants possessing comparable qualifications."  *Lyons*, 307 F.3d at 1112 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).

Establishing a prima facie case creates a rebuttable presumption that the employer discriminated against the employee in an unlawful manner.  *Id.*  Therefore, the burden of production shifts to the employer "to articulate a legitimate, nondiscriminatory reason for the plaintiff's rejection."  *Warren v. City of Carlsbad*, 58 F.3d 439, 442 (9th Cir. 1995).  To rebut the presumption of discrimination, the employer must clearly set forth the reasons for rejecting the plaintiff's application.  *Lyons*, 307 F.3d at 1112 (citing *Burdine*, 450 U.S. at 255).

---

[4] Plaintiff also brings a claim under the Washington Law Against Discrimination ("WLAD").  WLAD is patterned after Title VII, so "decisions interpreting the federal act are persuasive authority" for WLAD's construction. *Xieng v. Peoples Nat'l Bank of Washington*, 844 P.2d 389, 392 (Wash. 1993) (en banc) (citing *Oliver v. Pacific Northwest Bell Tel. Co.*, 724 P.2d 1003, 1005 (Wash. 1986) (en banc)) (noting that because WLAD "lacks specific criteria for proving a discrimination claim," the court looks to cases that interpret equivalent federal laws).

If the employer sustains its burden, the plaintiff must then establish that the employer's "proffered nondiscriminatory reason is merely a pretext for discrimination." *Id.* While the plaintiff maintains the burden of persuasion, the third burden shift does not impose a new burden of production. *Id.* Instead, a factfinder may "infer 'the ultimate fact of intentional discrimination' without additional proof once the plaintiff has made out her *prima facie* case if the factfinder believes that the employer's proffered nondiscriminatory reasons lack credibility." *Id.* at 1112–13 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000)). In addition, a court looks ultimately to cumulative evidence and considers both indirect and direct evidence so long as they are available. *Id.* "Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001) (citing *Goodwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). The plaintiff can demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Burdine*, 450 U.S. 248 at 256).

**C. Age Discrimination**

ADEA claims are also evaluated through the *McDonnell Douglas* three-stage burden-shifting framework described above. *See Shelley v. Green*, 666 F.3d 599, 608–09 (9th Cir. 2012). A plaintiff may establish a prima facie case of age discrimination by demonstrating that when the alleged failure to promote occurred, (1) he was at least forty years old, (2) he was qualified for the position for which the plaintiff applied, (3) he was denied the position, and (4) the employer gave the promotion to a substantially younger person. *Shelley*, 666 F.3d at 608. A

plaintiff who alleges an ADEA claim has the ultimate burden of proving that age was a "determining factor" his employer's decision. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 392–93 (9th Cir. 1983) (citing *Douglas v. Anderson*, 656 F.2d 528, 531 (9th Cir. 1981)).

**IV.    Analysis**

Defendants argue that Plaintiff's failure-to-promote discrimination claims fail because no promotional opportunity existed for an employee in Plaintiff's position. (Dkt. No. 20 at 10.) Plaintiff has provided no response. As elaborated above, a plaintiff who asserts either an age or racial discrimination claim for failure-to-promote must establish, *inter alia*, that he applied for an available position. *See Shelley*, 666 F.3d at 608 (age discrimination); *Lyons*, 307 F.3d at 1112 (racial discrimination).

Here, Plaintiff has failed to establish that he applied for an available promotion or that such a position was available. Defendants, however, present a declaration from Dick's manager, who explains that he told Plaintiff that the position of part-time night maintenance employee was not a position with promotional opportunities. (Dkt. No. 22 at 2.) In addition, Defendants present an organizational chart for Dick's that shows no indication of promotional opportunities for the position of part-time night maintenance employee. (Dkt. No. 23, Ex. 2 at 2.) The Court has no duty to "search for evidence that would create a factual dispute." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Accordingly, Plaintiff has failed to establish his prima facie case and the Court grants Defendants' Motion for Summary Judgment.

**V.    Conclusion**

Because Plaintiff failed to present any evidence in opposition to Defendants' Motion for Summary Judgment, and because Defendants have established that they are entitled to judgment

as a matter of law, the Court grants Defendants' motion. An Order consistent with this memorandum opinion is issued this 24th day of July, 2014.

NOW, THEREFORE, the Court **ORDERS** as follows:

(1) Defendants' Motion for Summary Judgment as to Plaintiff's age discrimination claims under ADEA and WLAD is GRANTED;

(2) Defendants' Motion for Summary Judgment as to Plaintiff's racial discrimination claims under Title VII and WLAD is GRANTED; and

(3) Plaintiff's state law claims for rest and meal breaks are DISMISSED without prejudice.

DATED this 24th day of July, 2014.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE